IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACKIE DARELL LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:14-CV-107-MEF |
| ) | [WO] |
| ) | |
| ANTHONY CLARK and COVINGTON ) | |
| COUNTY JAIL, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Jackie Darell Long ["Long"], a county inmate, challenges conditions and actions taken against him during a previous term of confinement at the Covington County Jail. Long seeks declaratory relief and monetary damages.

Upon review of the complaint, the court concludes that the Covington County Jail is due to be summarily dismissed from this case pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II.  DISCUSSION**

A county jail is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the plaintiff's claims

---

[1] Except for requiring payment of an initial partial filing fee as directed by 28 U.S.C. § 1915(b)(1)(A), the court granted Long leave to proceed *in forma pauperis* in this cause of action. *Order of March 3, 2014 - Doc. No. 5* at 3. The complaint is therefore subject to screening in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that despite payment of any portion of the filing fee the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

against the Covington County Jail are subject to dismissal as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id.*

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The plaintiff's claims against the Covington County Jail be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  This case, with respect to the claims lodged against Anthony Clark, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before August 13, 2014 the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth

Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of July, 2014.


　/s/  Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE